IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARCADIO HERNANDEZ AND GEORGINA LOPEZ** *Plaintiffs* § § § § | | |
| v. | § § | Case No. 3:24-cv-01469-B |
| **WESTLAKE SERVICES LLC, MVCONNECT, INC., AND THE CAR SOURCE, LLC DBA HIDE AND SEEK AUTO RECOVERY** *Defendants* § § § § § § | | Hon. Jane J. Boyle |

**DEFENDANTS WESTLAKE SERVICES LLC AND MVCONNECT, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendants Westlake Services LLC and MVConnect, Inc. (previously incorrectly named as MVConnect, LLC) (together, "Defendants") hereby file this Brief in Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and their Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), respectfully showing the Court as follows:

**BACKGROUND AND RELIEF REQUESTED**

1.  Plaintiffs allege claims against Defendants for a violation of 15 U.S.C. § 1692f(6) and for "coversion" [sic]. Plaintiffs also seem to have attempted to bring a claim against Defendants under some provisions of the Texas Debt Collection Practices Act, but it is not clear what that claim is or what the elements of it would be under Texas law.

2.     As to Count Two of the Complaint, Plaintiffs' threadbare assertions do not state claims against Defendants upon which relief can be granted under Federal Rule of Civil Procedure 8(a)(2), so Count Two should be dismissed.

3.     As to Counts One and Three of the Complaint, Plaintiffs' conclusory assertions do not allow Defendants to reasonably prepare a response because "[they] stop[] short of the line between possibility and plausibility of entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and Plaintiffs should be ordered to re-plead to provide a more definite statement of its claims in compliance with Federal Rule of Civil Procedure 8(a)(2).

## ARGUMENT IN SUPPORT OF MOTION TO DISMISS COUNT TWO

4.     Federal Rule of Civil Procedure 12(b)(6) permits a defendant to file a motion to dismiss the claims against it for failure to state a claim upon which relief can be granted prior to filing a responsive pleading. Fed. R. Civ. P. 12(b)(6). Otherwise stated, "[u]nder Rule 12(b)(6), a federal court may dismiss a case for failure to state a claim upon which relief may be granted if, accepting all well-pleaded factual allegations as true, the complaint does not state a plausible claim for relief." *Klocke v. Watson*, 936 F.3d 240, 245–46 (5th Cir. 2019), as revised (Aug. 29, 2019).

5.     In reviewing a complaint to determine whether a plaintiff has failed to state a claim upon which relief can be granted, "a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions." *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 712 (N.D. Tex. 2019) (citing *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005)). "The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim." *Id.* at 712 (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

6.      Federal Rule of Civil Procedure 8 requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal citation omitted). A cause of action pled under Rule 8 "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal citations and quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal citations and quotations omitted).

7.      Count Two of Plaintiffs' Complaint fails to state claims against Defendants upon which relief can be granted because Plaintiffs have not pled sufficient facts or legal theories to meet their pleading obligations under Federal Rule of Civil Procedure 8(a)(2). Count Two of Plaintiffs' Complaint is directed to "Defendant Resolvion and Defendant Keel Recovery"—two non-parties. Further, Count Two vaguely alleges a violation of Texas Finance Code Section 304(a)(19), but no such statute exists.

8.      Thus, Plaintiffs fail to state a claim against Defendants through Count Two of their Complaint because Count Two is not directed at Defendants and does not state a plausible cause of action under any known statute or legal theory. Defendants respectfully request that Count Two of Plaintiffs' Complaint be dismissed.

**ARGUMENT IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**

9.      As stated above, Federal Rule of Civil Procedure 8 requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party is entitled to a more definite statement when a portion of the pleadings to which a

responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed R. Civ. P. 12(e). The Supreme Court has explained that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion is appropriate. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Thus, if a pleading fails to meet the pleading standard under Federal Rule of Civil Procedure 8, a motion for more definite statement should be granted. *See Monitronics Int'l, Inc. v. Skyline Sec. Mgmt., Inc.*, No. 3:16-CV-02716-M, 2017 WL 2882624, at *6 (N.D. Tex. July 5, 2017).

10.     Plaintiffs' Complaint makes many allegations that will be relevant to this case by a group reference to all defendants or by ambiguous reference to "Defendant." *See* ECF 1 at ¶¶ 28, 30, 34, 35, 43, 44, 45, 46, 47. Defendants are entitled under the Rules of Civil Procedure to have Plaintiffs make clear, specific allegations against each of them so they can fairly respond to those allegations. Plaintiffs' Complaint fails to do that as to the paragraphs referenced above that bear directly on their claims under Count One and Count Three, and Defendants respectfully request that the Court order Plaintiffs to re-plead in accordance with Rule 8(a)(2) and other applicable authority.

11.     Further, if the Court denies Defendants' Motion to Dismiss Count Two, Defendants respectfully ask that Plaintiffs be ordered to re-plead Count Two in accordance with Rule 8(a)(2) and other applicable authority. Specifically, paragraphs 37-40 of Plaintiffs' Complaint are deficient with respect to Count Two.

WHEREFORE, PREMISES CONSIDERED, Defendants Westlake Services LLC and MVConnect, Inc. respectfully request that their Motions be granted, that the Court dismiss Count Two of Plaintiffs' Complaint against them, that the Court order Plaintiffs to re-plead the remainder of their Complaint consistent with Federal Rule of Civil Procedure 8(a)(2) and other applicable

4

authority, and that the Court grant them such other and further relief, general or special, at law or in equity, to which they may be justly entitled.

        Respectfully submitted,

By: _____
       Payne Keinarth
       State Bar No. 24101412
       pkeinarth@dickinson-wright.com
       Dickinson Wright PLLC
       607 W. 3rd Street, Suite 2500
       Austin, Texas 78701
       Telephone: (512) 770-4200
       Facsimile: (844) 670-6009

       Heather L. Frayre
       State Bar No. 24080900
       hfrayre@dickinson-wright.com
       Dickinson Wright PLLC
       231 Latham Drive
       Fairview, Texas 75069
       Telephone: (915) 541-9370
       Facsimile: (844) 670-6009

**ATTORNEYS FOR DEFENDANTS WESTLAKE SERVICES LLC AND MVCONNECT, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon all parties by the court's electronic filing system, on August 13, 2024.

_____
Payne Keinarth

5