IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARCADIO HERNANDEZ; | ) | |
| GEORGINA LOPEZ , | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-CV-01469-B |
| | ) | |
| WESTLAKE SERVICES, LLC DBA | ) | |
| WESTLAKE FINANCIAL SERVICES; | ) | |
| MVCONNECT, LLC; | ) | |
| THE CAR SOURCE, LLC DBA HIDE | ) | |
| AND SEEK AUTO RECOVERY, | ) | |
| | ) | |
|     Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs Arcadio Hermandez and Georgina Lopez, in the above-styled cause, hereby file their Amended Complaint against the Defendants as follows:

**PARTIES**

1. The Plaintiff, Arcadio Hermandez, is a resident and citizen of the state of Texas, Dallas County, and is over the age of twenty-one (21) years.  Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

2. The Plaintiff, Georgina Lopez, is a resident and citizen of the state of Texas, Dallas County, and is over the age of twenty-one (21) years.  Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

3. The Defendant, Westlake Services, LLC DBA Westlake Financial Services ("WESTLAKE") is a

1

foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district, and is registered to do business in Texas. Defendant Westlake is in the business of financing consumer automobile loans and regularly collects collateral and debts when it alleges the consumer has defaulted. Defendant Westlake is a "debt collector" as defined by Tex. Fin, Code § 392.001(6). The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

4. The Defendant, MVConnect, LLC. ("MVCONNECT"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles in this district and is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6) and a debt collector as defined by Tex. Fin. Code § 392.001(6). Upon information and belief, Defendant MVConnect was attempting to collect a consumer debt as defined by the FDCPA and used instrumentality of interstate commerce or the mails in a business wherein the principal purpose of which is the enforcement of security interests. The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

5. The Defendant, The Car Source, LLC DBA Hide and Seek Auto Recovery ("HIDE AND SEEK") is a domestic entity and was, in all respects and at all times relevant herein, doing business in the state of Texas and in this district. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers in this district and is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6) and a debt collector as defined by Tex. Fin. Code § 392.001(6). Upon information and belief, Defendant HIDE AND SEEK was attempting to collect a consumer debt as defined by the FDCPA and used instrumentality of interstate commerce or the mails in a

business wherein the principal purpose of which is the enforcement of security interests.  The debt at issue is a "consumer debt" as defined by Tex. Fin. Code § 392.001(6).

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Plaintiffs reside here, Defendants transacted business here, and the major actions involving the taking of the vehicle at issue happened here.

## FACTUAL ALLEGATIONS

### Defendants' Business Model

7. Upon information and belief, Defendant WESTLAKE contracts with Defendant MVCONNECT to recover consumer vehicles in which Defendant WESTLAKE claims a possessory interest.

8. Upon information and belief, this agreement states that Defendant MVCONNECT will provide services in the locating of the vehicle, the physical recovery of the vehicle, and the care of the vehicle post-recovery.

9. Defendant WESTLAKE pays Defendant MVCONNECT per recovery.  This pay structure creates an incentive to recover as many vehicles as possible.

10. In turn, Defendant MVCONNECT contracts with local recovery entities to assist in the services it agreed to do on behalf of Defendant WESTLAKE.

11. Upon information and belief, Defendant MVCONNECT pays the local recovery entity per recovery.  This pay structure creates an incentive to recover as many vehicles as possible.

12. Upon information and belief, Defendant WESTLAKE and Defendant MVCONNECT maintain control over the recovery process by requiring compliance from the local recovery entity with both Defendants' policies, procedures, insurance requirements, training, etc.

13. In this case, the local recovery entity is Defendant HIDE AND SEEK.

**Facts Specific to This Case**

14. Upon information and belief, in 2023, an entity doing business as Mark's Garage gained an ownership interest in a 2015 Chevrolet Suburban, 1GNSCJKCXFR239516 ("the Vehicle") pursuant to the Texas Motor Vehicle Mechanics' Liens or other similar statute.

15. Upon information and belief, Mark's Garage complied with all statutory requirements, including providing notice to any previous owners and lienholders, and obtained clear title and transferrable title to the Vehicle.

16. In or around August 2023, Plaintiffs purchased the Vehicle from Mark's Garage and obtained an ownership interest and clear title to the Vehicle.

17. On August 21, 2023, the State of Texas issued a Certificate of Title to the Plaintiffs indicating their ownership and title.

18. This title did have any security interests or other encumbrances listed.

19. The Vehicle was purchased to be used primarily by Plaintiffs for household/non-business purposes. At all times, Plaintiffs maintained rightful physical control of the Vehicle until taken by the Defendants.

20. At some point, Defendant WESTLAKE considered the Vehicle's account with a previous owner to be in default and sought to take possession of the Vehicle even though any possessory interest had been extinguished.

21. Defendant WESTLAKE contracted with Defendant MVCONNECT to take possession of the Vehicle.

22. In turn, Defendant MVCONNECT contracted with Defendant HIDE AND SEEK to physically take possession of the Vehicle.

23. On April 19, 2024, Plaintiff Georgina Lopez exited her home to observed that the Vehicle was

    missing from her driveway.

24. Plaintiff contacted 911 believing the Vehicle was stolen.

25. It was clear that the Vehicle had been taken due to the damage in the yard.

26. Law enforcement opened an investigation and attempted to locate the Vehicle.

27. The Plaintiffs lost time and missed work attempting to locate the Vehicle.

28. The following Monday, a detective with the Dallas Police Department contacted Plaintiffs and informed them that the Vehicle has been taken by Defendants and provided the contact information.

29. Plaintiffs contacted Defendant HIDE AND SEEK arranged for the return of the Vehicle.

30. When the Vehicle was returned, Defendants sought Plaintiffs to sign a release and hold harmless document addressed to another individual, assumedly a previous owner, that would release Defendants from all claims and damage.

31. Eventually, during the same visit, Plaintiffs were able to regain possession of the Vehicle.

## COUNT ONE
## FDCPA CLAIM AGAINST DEFENDANT MVCONNECT AND DEFENDANT HIDE AND SEEK

32. The Plaintiffs adopt the factual averments and allegations of all the above paragraphs as if fully set forth herein.

33. The Defendant MVCONNECT and Defendant HIDE AND SEEK engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

34. Defendants took non-judicial action to attempt dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6).

35. As a proximate cause of Defendants' conduct, the Plaintiffs incurred out of pocket expenses, were deprived of the Vehicle, lost time, lost time at work, and have suffered mental damages and

the accompanying physical damages.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT WESTLAKE, DEFENDANT MVCONNECT, AND DEFENDANT HIDE AND SEEK

36. The Plaintiffs adopt the factual averments and allegations of all the above paragraphs as if fully set forth herein.

37. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6).

38. Defendants, through their repossession agents, violated Tex. Fin. Code § 392.301(a)(8) by taking an action prohibited by law when it physical took the Vehicle without a present right.

39. As a proximate cause of Defendants' conduct, the Plaintiffs incurred out of pocket expenses, were deprived of the Vehicle, lost time, lost time at work, and have suffered mental damages and the accompanying physical damages.

## COUNT THREE
## CONVERSION AGAISNT DEFENDANT WESTLAKE, DEFENDANT MVCONNECT, AND DEFENDANT HIDE AND SEEK

40. The Plaintiffs adopt the factual averments and allegations of all the above paragraphs as if fully set forth herein.

41. Plaintiff owned and had immediate possession of the Vehicle.

42. The Defendants acquired the Vehicle wrongfully and without a right.

43. The Defendants did not have a present and immediate right of possession of the Vehicle and/or the personal property at the time of repossession.

44. Without the Plaintiffs' consent, the Defendants intentionally deprived the Plaintiffs of their rightful possession of the Vehicle and exercised unlawful control over the Vehicle.

45. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

46. As a proximate cause of Defendants' conduct, the Plaintiffs incurred out of pocket expenses, were deprived of the Vehicle, lost time, lost time at work, and have suffered mental damages and the accompanying physical damages.

## AMOUNT OF DAMAGES DEMANDED

Plaintiff demands a judgment against the Defendants as follows:

47. Compensatory and punitive damages against the Defendants;

48. Remedies available under the FDCPA, including statutory damages, costs, and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

49. Remedies available under cited Texas law, including statutory damage, costs and attorneys' fees and any other compensatory damages; and,

50. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ JOHN C. HUBBARD  
JOHN C. HUBBARD  
Attorney for Plaintiff

**OF COUNSEL:**  
**JOHN C. HUBBARD, LLC**  
PO Box 953  
Birmingham, AL 35203  
(205) 378-8121  
jch@jch-law.com

7